UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL E. WILKINS, | |
| Plaintiff, | |
| v. | Cause No. 3:23-CV-1114-PPS-APR |
| WILLIAM REDMAN, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Daniel E. Wilkins, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. [DE 8.] As required by 28 U.S.C. § 1915A, I must screen this pleading and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Wilkins is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Wilkins has been detained at the St. Joseph County Jail pending trial since June 2023. He is an amputee and wears a prosthetic leg. He claims that Jail Warden Russell Olmstead has assigned him to the "medical isolation" unit because of his

impairment, which means he is kept in "extreme isolation" 23 hours a day and cannot enjoy the same privileges as inmates in general population, including recreational opportunities and the chance to socialize with other inmates. He claims the medical isolation unit is intended for inmates with communicable diseases or severe mental illnesses, and in his view there is no reason for him to be housed under these conditions. He further claims the unit is not suitable for him because certain areas are not handicap accessible, including the shower. He claims the lack of grab bars in the shower caused him to fall and hurt himself.

He further claims that he is not receiving necessary medication to address "phantom limb pain" and muscle spasms he experiences after the loss of his leg. It can be discerned that he was on a number of medications prior to his arrival at the jail, and that medical staff prescribed various alternatives that were on the jail's formulary list. However, Mr. Wilkins alleges that these medications were not adequate to control his pain and other issues. He sues St. Joseph County Sheriff William Redman and Warden Russell Olmstead, as well as Kevin Smith, Michael Platt, and John Foster,[1] members of the medical staff who allegedly made the decisions regarding his medications, seeking monetary damages and injunctive relief.

Because Mr. Wilkins is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). To assert a Fourteenth Amendment violation based on the denial of medical care, a detainee must

---

[1] He does not provide their titles but these individuals appear to be doctors or nurse practitioners.

allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, I must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Giving Mr. Wilkins the inferences to which he is entitled at this stage, he has alleged a serious medical need, namely, pain and muscle spasms he experiences due to an amputated leg. He claims Mr. Smith, Mr. Platt, and Mr. Foster have not provided him with adequate medication to address his pain and other issues. He will be permitted to proceed on a claim for damages against these individuals.[2] The amended complaint can also be read to allege that he has an ongoing need for medical treatment that he is not receiving. Warden Olmstead is an appropriate person to ensure he receives the care he is entitled to under the Fourteenth Amendment. *See Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir.

---

[2] I note that a medical record he attached to the complaint reflects that at some point he decided to refuse all medications. [DE 9 at 17 (noting that "[h]e decided he does not want to take medication in jail if he can't take the medication he was previously prescribed by his doctor.").] Mr. Wilkins admits as much in a sworn declaration he submitted with the amended complaint. *Id.* at 22 ("I will no longer be taking any medications while being confined at SBCJ due to the treatment I have received thus far."). He cannot be permitted to "engineer" a constitutional violation by refusing treatment and then blaming medical staff for the consequences. *See Rodriguez v. Briley*, 403 F.3d 952, 953 (7th Cir. 2005). At this stage, I will presume that his lack of cooperation has resulted from the failure of staff to prescribe medication that adequately addressed his symptoms.

3

2011). He will be permitted to proceed on a claim against Warden Olmstead in his official capacity for injunctive relief related to his ongoing need for medical care.

He also sues Warden Olmstead for assigning him to an isolation unit without adequate justification. The "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.*

Giving him the inferences to which he is entitled, he has plausibly alleged that his assignment to the medical isolation unit was arbitrary or purposeless from a penological standpoint, and that because of his assignment he is subjected to much harsher conditions than he otherwise would be. This unit appears to be particularly unsuited to him due to his mobility issues and the lack of grab bars in certain areas. He will be permitted to proceed on a claim for damages against Warden Olmstead for housing him under conditions that amount to punishment.

He also sues Sheriff Redman, but there is no plausible basis to infer that the Sheriff was personally involved in these events; instead, Mr. Wilkins appears to be trying to hold him liable as the top law enforcement official in the county. The Sheriff cannot be held liable for damages solely because of his supervisory position. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir.

4

2009). Supervisory correctional staff can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There is insufficient factual content from which I could plausibly infer that the Sheriff knew about unconstitutional conduct by a subordinate officer and condoned it, facilitated it, or actively turned a blind eye to it. He will be dismissed as a defendant.

For these reasons, the Court:

(1) **GRANTS** the plaintiff leave to proceed against Kevin Smith, Michael Platt, and John Foster in their personal capacity for monetary damages for denying him needed medication for phantom limb pain and muscle spasms from June 2023 to the present in violation of the Fourteenth Amendment;

(2) **GRANTS** the plaintiff leave to proceed against the Warden of the St. Joseph County Jail in his official capacity to obtain needed medical care as required by the Fourteenth Amendment;

(3) **GRANTS** the plaintiff leave to proceed against Warden Russell Olmstead in his personal capacity for money damages for housing him under conditions that amount to punishment from June 2023 to the present in violation of the Fourteenth Amendment;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** Sheriff William Redman as a defendant;

(6) **DIRECTS** the Clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

St. Joseph County Jail Warden Russell Olmstead at the St. Joseph County Jail along with a copy of this order and the amended complaint (ECF 8) pursuant to 28 U.S.C. § 1915(d);

(7) **DIRECTS** the Clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Kevin Smith, Michael Platt, and John Foster at Wellpath and to send them a copy of this order and the amended complaint [DE 8] pursuant to 28 U.S.C. § 1915(d);

(8) **ORDERS** the St. Joseph County Sheriff's Office and Wellpath to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available;

(9) **ORDERS** Warden Russell Olmstead, Kevin Smith, Michael Platt, and John Foster to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on February 1, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT