UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL E. WILKINS, | ) |
| Plaintiff, | ) |
| | ) Cause No. 3:23-CV-01114-PPS-APR |
| v. | ) |
| WILLIAM REDMAN, RUSSELL OLMSTEAD, KEVIN SMITH, MICHAEL PLATT, JOHN FOSTER and WELLPATH, LLC, | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

Pursuant to the Court's Order of May 16, 2024, Plaintiff files this Second Amended Complaint, and alleges against the Defendants as follows:

### I. FACTS COMMON TO ALL COUNTS

1. The Plaintiff is Daniel E. Wilkins who sues the Defendants as a pretrial detainee for events and upon facts which occurred between June 27, 2023 and February 29, 2024, during which time he was a pretrial detainee at the St. Joseph County Jail.

2. Defendant William Redman is sued in his official capacity as Sheriff of St. Joseph County Indiana as he was in charge of taking care of and managing the St. Joseph County Jail and the prisoners in his charge. Plaintiff alleges that Sheriff Redman implemented, developed, permitted, and allowed unconstitutional policies that violated Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution, giving rise to a cause of action pursuant to 42 U.S.C. §

1983, and that he violated Plaintiff's rights under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

3. Defendant Russell Olmstead is sued as Warden of the St. Joseph County Jail in both his official and individual capacities. Olmstead was responsible for carrying out the unconstitutional policies implemented, adopted, developed, and utilized by the St. Joseph County Sheriff with respect to disabled individuals housed at the St. Joseph County Jail, as well as implementing policies with respect to providing medical care to pretrial detainees for their serious medical needs. Defendant Olmstead is an appropriate Defendant for the medical care Plaintiff was to receive under the Fourteenth Amendment of the United States Constitution, and he an appropriate Defendant with respect to Plaintiff's claims under the Rehabilitation Act of 1973 and Title II of the ADA.

4. Defendant Wellpath, LLC was at all times the third-party medical care provider contracted by the St. Joseph County Sheriff to provide for the medical care of pretrial detainees at the St. Joseph County Jail during the time of Plaintiff's incarceration at the St. Joseph County Jail, from June 27, 2023 through February 14, 2024, when Plaintiff was released. Defendant Wellpath, LLC is sued in its official capacity for implementing the policies, practices, procedures, and customs of the St. Joseph County Sheriff regarding the care and treatment of pretrial detainees who had serious medical needs at the St. Joseph County Jail, as well as being responsible for the implementation of policies, practices, procedures, and customs of the St. Joseph County Sheriff with respect to properly observing the rights to which disabled

employees were entitled under the Rehabilitation Act of 1973 and Title II of the ADA.

5. Defendants Kevin Smith, Michael Platt, and John Foster are herein sued in their individual capacities who were either employed by, or otherwise affiliated with, Defendant Wellpath, LLC, and were responsible for providing appropriate medical care to the Plaintiff who was a pretrial detainee in the St. Joseph County Jail from June 27, 2023 through February 14, 2024.  Smith, Platt, and Foster are being sued in their individual capacities under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.  Smith, Platt, and Foster were at all times acting under color of law in their individua capacities as state actors who were responsible for providing medical care to the Plaintiff for her serious medical needs as a pretrial detainee.

II.   **PLAINTIFF'S CLAIMS UNDER THE REHABILITATION ACT OF 1973 AND TITLE II OF THE AMERICANS WITH DISABILITIES ACT**

6. Plaintiff, as an above-the-knee amputee who is required to wear a prosthetic leg, claims that he is disabled within the meaning of Title II of the ADA and the Rehabilitation Act of 1973, that he is "qualified" to participate in, and take advantage of, programs, services, and facilities offered to all prisoners at the St. Joseph County Jail, and that he was excluded from and not allowed to benefit from certain programs, services, and facilities offered at the St. Joseph County Jail, and otherwise suffered discrimination because of his disability in that:

   a. He was automatically assigned to the "medical isolation unit" by Warden Russell Olmstead because of his physical impairment;

   b. He was kept in "extreme isolation" for twenty-three (23) hours each day and

      did not enjoy the same privileges of inmates in general population (including recreational opportunities and the chance to socialize with other inmates);

  c. He was forced to be housed in the medical isolation unit that was intended for inmates with communicable diseases or severe mental illnesses, and there was no reason for him to be housed in those conditions;

  d. The isolation unit in which he was housed was not handicapped accessible, including the shower, and because of the lack of grab bars in the shower, he fell and hurt himself;

  e. He was deprived of necessary medical to address his "phantom limb pain" and muscle spasms he experienced after the loss of his leg; and

  f. The Defendants (those sued in their individual and official capacities) did not permit Plaintiff to take his prescribed medications, and the "alternative" medications that were on the jail's formulary list were not adequate to control Plaintiff's leg pain and other issues. Defendants' actions violated Plaintiff's rights under the Rehabilitation Act and Title II of the ADA.

7. As a result of discriminating against Plaintiff because of his disability and not providing him reasonable accommodations that he needed due to being an amputee, Plaintiff was provided no access to recreational activities.

8. Plaintiff maintains that he is a qualified individual with a disability in that he suffered an above-the-knee right leg partial amputation and was substantially impaired in his everyday life activities of standing, walking and ambulating from place-to-place.

9. Plaintiff alleges that Defendants Redman and Olmstead excluded Plaintiff from participation in, or enjoying the benefits of, the services, programs, and/or activities

of the St. Joseph County Jail. Plaintiff alleges that he was subjected to discrimination as a disabled detainee, and that other detainees and convicts without disabilities were granted full access to all services, programs, and activities of the St. Joseph County Jail.

10. Plaintiff suffered impairments and limitations as a result of his disabilities, including the limited ability to walk, stand, lift, and bend, as well as experiencing phantom limb pain, hip pain, lower back pain, and daily muscle spasms.

11. Defendants Sheriff and Warden, having a policy of solitary confinement because of Plaintiff's disabled status, violates the Rehabilitation Act of 1973, Title II of the ADA, and Plaintiff's constitutional rights under the Fourteenth Amendment and 42 U.S.C. § 1983.

12. Defendants Sheriff and Warden have violated the Rehabilitation Act of 1973 and Title II of the ADA in that the St. Joseph County Jail does not offer handicapped accessible programs and services, and they intentionally discriminate based upon the disabled status of the Plaintiff and other pretrial detainees who are similarly situated by forcing Plaintiff to be placed into solitary confinement and by housing disabled detainees without a handicap accessible cell, toilet, shower, or sink, and by forcing Plaintiff to sleep on the floor, and by forcing Plaintiff to use non-ADA compliant fixtures such as hand rails for beds and showers.

13. Defendants Sheriff and Warden have also violated the Rehabilitation Act of 1973 and Title II of the ADA by refusing to provide Plaintiff with necessary medical care related to his disability, such as the ability to use his prosthetic limb, by providing Plaintiff with proper medications, and by not allowing Plaintiff to have limb fitting

sleeves and proper shoes.

14. Defendants Sheriff and Warden, and the St. Joseph County Jail that they supervise and manage, receive federal funds covered by the Rehabilitation Act and Title II of the ADA (receive federal monies for programs and activities).

15. The official capacity Defendants' failure to provide adequate facilities or the necessary medical care for disabled pretrial detainees, and allowing disabled pretrial detainees to suffer solitary confinement simply because of their disabled status, is in direct violation of the Rehabilitation Act of 1973 and Title II of the ADA.

### III.    FOURTEENTH AMENDMENT CLAIM

16. Plaintiff incorporates herein all of the facts and allegations contained in Counts I and II above.

17. Regarding Plaintiff's Fourteenth Amendment Claim to inadequate medical care, Plaintiff alleges that:

    a. He demonstrated an objectively serious medical need;

    b. The Defendants committed actions which deprived Plaintiff of medical care for his serious medical needs (withholding medications and not observing Plaintiff's need for reasonable accommodations for his disabilities);

    c. The actions of the Defendants (both the official capacity and individual capacity Defendants) were unreasonable under the circumstances and demonstrated reckless indifference to Plaintiff's need for appropriate medical care and needs for his disabilities and the accommodation of his disabilities; and

    d. The Defendants, and all of them, acted purposefully, knowingly, in reckless

disregard of, and in deliberate indifference to, Plaintiff's need for medical care (including receiving appropriate medication and not discriminating against Plaintiff because of his disabilities and otherwise not allowing reasonable accommodations for his disabilities).

18. The Defendants, and each of them, acted in reckless disregard of, and with deliberate indifference to, Plaintiff's serious medical needs – his pain and muscle spasms due to his amputated leg, and not providing him with adequate medications to address the associated pain, and by violating his rights under the Rehabilitation Act and Title II of the ADA by not giving him reasonable accommodations (making him live in isolation, depriving him of accommodations to use the shower, subjecting him to unconstitutional conditions of confinement because of his disabilities).

19. The Defendants, and each of them, acted in a manner which amounted to punishment because of his disabilities and because he needed adequate medical care – the Defendants acted either with the purpose of punishment, and/or acted in a manner that was arbitrary and without purpose, and would also cause Plaintiff to be punished inappropriately, in violation of the Fourteenth Amendment.

20. Because of his disabilities, Plaintiff was subjected to unconstitutional conditions of confinement, to-wit solitary confinement and extreme isolation for twenty-three (23) hours per day, during which he could not enjoy the same privileges of inmates in general population, including recreational activities and the chance to socialize with other inmates, all in violation of the Fourteenth Amendment, as well as Title II of the ADA and the Rehabilitation Act (punishing Plaintiff because of his disability, discriminating against Plaintiff because of his disability, and denying Plaintiff

reasonable accommodations).

21. Plaintiff submitted grievances to all of the Defendants (official capacity and individual capacity Defendants) regarding his on-going physical pain and lack of medication to deal with the ongoing pain. The Defendants, and all of the, acted recklessly and with deliberate indifference to Plaintiff's physical pain and emotional suffering, i.e. disregarding Plaintiff's pain and refusing to provide him with necessary pain medication, all in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

## IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

22. Plaintiff exhausted all administrative remedies.

## V.    DAMAGES

23. As a direct result of the discriminatory and unconstitutional actions listed above, Plaintiff has suffered emotional distress, mental anguish, physical pain, depression, loss of liberties caused by solitary confinement, the complete absence (or delay) of appropriate medical treatment, headaches, sleeplessness, phantom right limb pain, and other similar damages and injuries for which Plaintiff seeks compensatory and punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment against each of the Defendants for compensatory damages, punitive damages (where available), reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, and for all other relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

        Respectfully submitted,

        **MYERS & WALLACE, LLP**

        <u>/s/ *Christopher C. Myers*</u>
        Christopher C. Myers, #10043-02
        809 South Calhoun Street, Suite 400
        Fort Wayne, IN 46802
        Telephone:  (260) 424-0600
        Facsimile:   (260) 424-0712
        E-mail:         cmyers@myers-law.com
        Counsel for Plaintiffs