UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL E. WILKINS, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 3:23-CV-1114-PPS-APR |
| WILLIAM REDMAN, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Daniel Wilkins filed this lawsuit *pro se* while he was detained at St. Joseph County Jail. [DE 1.] On February 1, 2024, I entered an Opinion and Order screening his amended *pro se* complaint. [DE 10; *see* DE 8.] In sum, I granted Wilkins leave to proceed against Defendants Kevin Smith, Michael Platt, and John Foster in their personal capacities for monetary damages for denying him needed medication for phantom limb pain and muscle spasms from June 2023 to the present in violation of the Fourteenth Amendment. I also granted Wilkins leave to proceed against Russell Olmstead, the Warden of the St. Joseph County Jail, in his official capacity to obtain needed medical care as required by the Fourteenth Amendment, as well as in his personal capacity for money damages for housing Wilkins under conditions that amounted to punishment in violation of the Fourteenth Amendment. [DE 10 at 5–6.]

In March 2024, Wilkins retained counsel. [DE 34.] Through his new counsel, Wilkins filed a notice stating that he was no longer pursuing his claim seeking injunctive relief from the Warden, given he had recently been released from jail.

[DE 35.] On May 28, 2024, Wilkins filed his Second Amended Complaint. [DE 52.] While this amended pleading was filed a day late, the court accepted it as timely filed and ordered the defendants to file their responses on or before June 18, 2024. [DE 57.]

In the Second Amended Complaint, Wilkins asserts claims against St. Joseph County Sheriff William Redman, Warden Olmstead, Wellpath, LLC (a "third-party medical care provider" contracted by St. Joseph County), and three individuals who were "either employed by, or otherwise affiliated with" Wellpath – Dr. Michael Platt, Kevin Smith, and John Foster. Wilkins brings these claims under the Fourteenth Amendment and two federal statutes: the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act. [DE 52 at 1–3.] All of the named defendants have appeared; and, with one exception, they have all answered the complaint. [DE 58; DE 59; DE 68.] Dr. Michael Platt has moved to dismiss the complaint, asserting that Wilkins has failed to assert that he took any action with respect to Wilkins' medical needs that was objectively unreasonable under the circumstances. [DE 61; DE 62.]

Dr. Platt's motion was filed nearly a month ago, and Wilkins failed to file an opposition brief. Local Rule 7-1(d)(2) provides that a party must file a response brief to a motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days after the motion is served. The same rule states that parties may seek to extend this deadline for good cause and "the court may rule on a motion summarily if an opposing party does not file a response before the deadline." N.D. Ind. L.R. 7-1(d)(4), (5). With all candor, even where a party fails to file a timely opposition to a motion to dismiss, I am

2

generally inclined to grant them an opportunity to respond. This approach aims at getting to the merits, rather than faulting a party for a procedural error. But, in this case, it is perfectly clear that the amended complaint lacks sufficient factual allegations to form a plausible claim for relief against Dr. Platt. Given the glaring deficiencies in the complaint, I have no doubt that my assessment of the claim would be the same had Wilkins filed a response brief – so there is no reason to delay ruling on the matter.

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That requires pleading enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Wilkins' amended complaint scarcely references Dr. Platt. That's confusing, since the whole case revolves around the medical care provided to Wilkins (presumably by County-contracted physicians, such as Dr. Platt) during his period of pretrial detention. The complaint states that Dr. Platt was either employed by or affiliated with Wellpath, LLC and was thus "responsible for providing appropriate medical care" to Wilkins while he was in pretrial custody from June 27, 2023 to February 14, 2024. [DE 52 at 3.] Beyond that, Wilkins supplies no factual allegations delineating what Dr. Platt (as opposed to "*Defendants*," as a collective) did to harm him.

Rather, the complaint improperly lumps together the various defendants and broadly claims that "*Defendants* (those sued in their individual and official capacities) did not permit [Wilkins] to take his prescribed medications, and the 'alternative' medications that were on the jail's formulary list were not adequate to control [his] leg pain and other issues," and "*Defendants* . . . were unreasonable under the circumstances and demonstrated reckless indifference to [Wilkins'] need for appropriate medical care and needs for his disabilities and the accommodation of his disabilities." [DE 52, ¶¶ 6, 17 (emphasis added).] Wilkins asserts that "*Defendants*' actions violated [his] rights," based on their collective activities. *See id.* (emphasis added).

That is not enough to state a claim for relief against Dr. Platt. A number of courts in this circuit have rejected complaints containing "only generalized statements alleged against defendants collectively without specifying how any individual defendant violated the plaintiff's rights," finding that they fail to satisfy Rule 8's requirement of "a short, plain statement of the case against each individual" defendant. *Miller v. Smith*, 2022 WL 476039, at *8 (E.D. Wis. Feb. 16, 2022) (collecting cases); *Burnett v. Chapman*, 2019 WL 4167086, at *3 (S.D. Ill. Sept. 3, 2019) (holding that "allegations made collectively against a group of defendants fail[ ] to comply with [Federal Rule of Civil Procedure] 8," which requires that the complaint "include a short, plain statement of the case against each individual"). This line of authority is tailor-made for the complaint before me. Wilkins cannot dispute that *all* of his substantive allegations against Dr. Platt are asserted against "Defendants," collectively. [*Compare* DE 52, ¶ 5, *with id.*, ¶¶ 6.f, 17.b,

4

17.c, 17.d, 18, 19, 21.] Indeed, a search-and-find for "Platt" pulls up just three references to Dr. Platt in the body of the complaint – all of which appear in a single paragraph stating that he worked for Wellpath, LLC. *Id.*, ¶ 5. Wilkins' complaint "must be more detailed," because in its current form it fails to "provide proper notice" to Dr. Platt of what he is accused of doing to harm Wilkins' rights. *See Young Est. of Young v. Peoria Cty., Ill.*, 2017 WL 3741551, at *4 (C.D. Ill. Aug. 30, 2017). That is, of course, the whole point of Rule 8(a)(2). *Twombly*, 550 U.S. at 555 (required short and plain statement of clam must "give the defendant fair notice of what the claim is and the grounds upon which it rests"); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (Rule 8 "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court.") (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

Dr. Platt, in his motion, suggests that the complaint must be dismissed "with prejudice." [DE 61.] However, his supporting memorandum does not include any arguments for dismissal of the complaint with prejudice. [DE 62.] Per Rule 15, leave to amend should "be freely given when justice so requires." Fed. R. Civ. P. 15(a). In this situation, the circuit has repeatedly held that leave to amend should be granted "[u]nless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted." *See Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); *see id.* at n.3 (collecting cases reversing denial of leave to file amended complaint). In light of the principle that leave to amend "should, as the

5

rules require, be 'freely given,'" I will grant Wilkins an opportunity to amend his complaint to provide more detailed factual allegations concerning Dr. Platt's role in his medical care at St. Joseph County Jail. *See Barry Aviation*, 377 F.3d at 687 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**ACCORDINGLY:**

For the reasons explained in this Opinion and Order, Defendant Michael Platt's Motion to Dismiss Plaintiff's Second Amended Complaint [DE 61] is **GRANTED**, and Plaintiff Daniel Wilkins' claims against Dr. Platt are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. To the extent he wishes to proceed with a claim against Dr. Platt, Plaintiff is **ORDERED** to file an amended complaint addressing the deficiencies discussed in this order on or before **September 16, 2024**.

**SO ORDERED**.

ENTERED: August 16, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT